It is therefore ordered that all actions listed on the attached Schedule A pending in districts other than the Central District of California be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Peirson M. Hall for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407 with the actions listed on Schedule A and pending in that district.

### SCHEDULE A

**Central District of California**

| | |
|---|---|
| Pamela Frances Hoffman, et al. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-676-PMH |
| National Bank of Commerce, etc. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-677-PMH |
| Cathy Ann Giles, etc. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-424-PMH |
| Dick A. Smith v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-606-PMH |
| Robert Peyton v. The Boeing Co. | Civil Action No. CV-74-830-PMH |
| Laurence B. Green, et al. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-957-PMH |
| Michael Joseph Havlick, et al. v. Pan American World Airways, et al. | Civil Action No. CV-74-1125-PMH |
| Chong Wong, et ux. v. Pan American World Airways, et al. | Civil Action No. CV-74-1220-PMH |
| Chief Tanuvasa Saifollo Amperosa, et al. v. Pan American World Airways, et al. | Civil Action No. CV-74-1221-PMH |
| Tuipala Sale, et ux. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-1222-PMH |
| Valelia Anu'u v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-1223-PMH |
| Chief Tiatia Tlololo, et al. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-1224-PMH |
| Saulo Setali v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-1225-PMH |
| Molly Allen v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-1226-PMH |
| Chief Taguloa Mikaleae Ahfoon, et al. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-1227-PMH |
| Roger Cann, etc. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-1345-PMH |
| Janet F. Bonham, et al. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-1346-PMH |
| Yvette Cotte, et al. v. The Boeing Co. | Civil Action No. CV-74-1362-PMH |
| Robert H. Kinderman, Jr., et al. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-1468-PMH |
| Selwyn N. Hetherington, etc. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-1491-PMH |
| Hermann Muenster, et al. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-1494-PMH |
| Anitele'a Matautia, et al. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-1539-PMH |

**Northern District of California**

| | |
|---|---|
| Vuna Pahulu, et al. v. Pan American World Airways, Inc., et al. | Civil Action No. C74-555-SAW |
| Dean Arthur Phillips, et al. v. The Boeing Co. | Civil Action No. C74-1228-RHS |
| Richard V. Gaines II, et al. v. The Boeing Co. | Civil Action No. C74-1227-RHS |

**Western District of Washington**

| | |
|---|---|
| National Bank of Commerce v. Pan American World Airways, Inc., et al. | Civil Action No. C74-166S |

**District of Utah**

| | |
|---|---|
| Pamela Frances Hoffman, et al. v. Betty Petersen, et al. | Civil Action No. C-74-141 |
| National Bank of Commerce, etc. v. Betty Petersen, et al. | Civil Action No. C-74-142 |

[KEY NUMBER SYSTEM]

### In re MACK TRUCK, INC. ANTITRUST LITIGATION.

No. 178.

Judicial Panel on Multidistrict Litigation.

Oct. 17, 1974.

The Judicial Panel on Multidistrict Litigation transferred multidistrict antitrust cases challenging manufacturer's vertical integration of wholesale and retail operations to the Eastern District of Washington, all parties favoring transfer of claims to that district.

Order accordingly.

Courts ⊂⊃277.2

Multidistrict antitrust cases challenging manufacturer's alleged vertical integration of wholesale and retail operations would be transferred to the Western District of Washington, all parties favoring transfer of all claims to that district for coordinated or consolidated pretrial proceedings. 28 U.S.C.A. § 1407.

---

Before ALFRED P. MURRAH[*], Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER[*], JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

This litigation involves three actions pending in three different districts: the Western District of Washington, the Eastern District of Washington and the District of Alaska. Each action was instituted against substantially identical defendants and alleged co-conspirators. Plaintiffs challenge the acquisition of Automotive Equipment Company by Mack Truck and allege that the decision of Mack Truck to integrate vertically its wholesale and retail operations and eliminate independent distributors in favor of wholly owned distributors, and the predatory tactics of Mack Truck and Automotive Equipment to effectuate these policies are in violation of the antitrust laws.

Plaintiffs have jointly moved the Panel to transfer these cases to the Eastern District of Washington for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Defendants have conceded that sufficiently complex common questions of fact exist to warrant Section 1407 proceedings and, therefore, do not oppose transfer of these actions to a single district. Nonetheless, defendants do oppose the Eastern District of Washington as the transferee forum and, instead, have requested transfer of all actions to the Western District of Washington. In their reply brief plaintiffs agree that many of the potential witnesses and documents relevant to the issues raised in this litigation are located in the Western District of Washington. They now favor the transfer of all claims to that district for Section 1407 treatment.

On the basis of the papers submitted and the hearing held, we find that these actions involve common questions of fact and that their transfer to the Western District of Washington will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

It is therefore ordered that all actions listed on the attached Schedule A pending in districts other than the Western District of Washington be, and the same hereby are, transferred to the Western District of Washington and, with the consent of that court, assigned to the Honorable Donald S. Voorhees for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the action listed on Schedule A and pending in that district.

### SCHEDULE A

**Western District of Washington**

| | |
|---|---|
| Seattle Association of Credit Men v. Signal Oil Co., et al. | Civil Action No. 9273 |

**Eastern District of Washington**

| | |
|---|---|
| Truck Parts, Inc. v. Mack Truck, et al. | Civil Action No. 3731 |

**District of Alaska**

| | |
|---|---|
| Equipment Services, Ltd. v. Mack Truck, et al. | Civil Action No. A-76-73 |

---

[*] Judges Murrah and Becker were unable to attend the hearing and, therefore, took no part in the consideration or decision of this matter.

In re MACK TRUCKS, INC. ANTITRUST LITIGATION.

Equipment Services, Ltd. v. Mack Trucks, D.Alaska, Civil Action No. A-75-31.

No. 178.

Judicial Panel on Multidistrict Litigation.

Nov. 24, 1975.

Former distributor brought action against truck manufacturer for breach of contract and sought to have action transferred for inclusion in centralized pretrial proceedings pending in the Western District of Washington with respect to numerous antitrust actions against the truck manufacturer including an antitrust action brought by the distributor. The Judicial Panel on Multidistrict Litigation held that analysis of pleadings and other papers showed that the subsequent action of distributor was a simple contract action capable of prompt resolution and should not be entangled with complex antitrust matters previously transferred.

Motion to transfer denied.

See also Jud.Pan.Mult.Lit., 383 F.Supp. 503.

Courts ⟾277.2

Analysis of pleading in former distributor's action against truck manufacturer along with the papers presented by parties disclosed that such action was a simple contract action capable of prompt resolution which should not be tangled in the complex antitrust matters previously transferred for consolidated or coordinated pretrial proceedings including distributor's antitrust action against truck manufacturer, so that even though the actions gave rise to some common factual nexus the subsequent action would not be transferred. 28 U.S.C.A. § 1407.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

The Panel previously transferred all actions in this litigation to the Western District of Washington and, with the consent of that court, assigned them to the Honorable Donald S. Voorhees for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.[1] Various defendants involved in the litigation in the transferee district, one of whom is the sole defendant in the above-captioned action, move the Panel for an order transferring it to the Western District of Washington for inclusion in the centralized pretrial proceedings pending there. Plaintiff in this action opposes transfer. We find insufficient basis for transfer under Section 1407 and, accordingly, deny defendants' motion.[2]

In 1969, Equipment Services, Ltd. entered into a distributorship agreement with Mack Trucks, Inc., whereby Equipment Services agreed to sell vehicles and parts manufactured by Mack Trucks. Subsequently, Equipment Services established certain accounts for sales of trucks or financing of parts and floored-inventory with Mack Trucks and Mack Financial, a wholly-owned subsidiary of Mack Trucks. By 1970, Equipment Services allegedly defaulted on these accounts and failed to remit promptly to Mack Financial the proceeds from the sale of floor-planned vehicles. After unsuccessful attempts were made to negotiate a mutual termination of their distributorship arrangement, Mack

---

1. In re Mack Trucks, Inc. Antitrust Litigation, 383 F.Supp. 503 (Jud.Pan.Mult.Lit. 1974).

2. The parties waived their right to oral argument and, pursuant to R.P.J.P.M.L. 14, 65

F.R.D. 253, 264 (1975), the question of transfer of this action under 28 U.S.C. § 1407 was submitted on the briefs.

IN RE MACK TRUCKS, INC. ANTITRUST LITIGATION 1461
Cite as 405 F.Supp.-1460 (1975)

Trucks terminated Equipment Services as a distributor in 1972.

Thereafter, in 1973, Equipment Services commenced an antitrust action[3] against Mack Trucks, Mack Financial and others, alleging, inter alia, that defendants engaged in predatory tactics to integrate vertically the wholesale and retail operations of Mack Trucks, which effectively eliminated independent distributors from competing with wholly-owned distributors by unreasonably increasing the independent distributors' cost of doing business. More specifically, plaintiff alleges that defendants conspired against it in the following manner: (1) defendants refused to accept return of floored-inventory and parts at their full price; (2) they failed to properly account to Equipment Services for money owing pursuant to their franchise agreement; and (3) defendants refused to account to Equipment Services for defendants' repossession of Equipment Services' equipment, inventory, parts and other property that was used as collateral for certain loans made by defendants to plaintiff.

In 1975, Equipment Services instituted an action for breach of contract against Mack Trucks in Alaska state court, which was soon removed to the District of Alaska.[4] The complaint contains allegations that the parties' financial arrangement required Equipment Services to establish a cash reserve with Mack Trucks and Mack Financial for each vehicle plaintiff sold on an installment sales basis; that upon full payment under the installment sales contract, defendant was to return the cash reserves to plaintiff; that when defendant terminated plaintiff's distributorship, a number of installment sales contracts existed with total cash reserves of approximately $13,000; and that these installment sales contracts have been fully satisfied by the purchasers thereunder, but defendant has refused to return the cash reserves to Equipment Services despite plaintiff's demands. As a result, plaintiff seeks judgment for the sum of these reserves. Also, the parties stipulated to the filing of a counterclaim by Mack Trucks for $8,663.51, which represents the amount allegedly owing on the open parts account of Equipment Services with Mack Trucks.

Movants contend that transfer of Equipment Services II for inclusion in the ongoing pretrial proceedings in Washington would further the purposes of Section 1407 because the factual issues underlying the contract claims in this action are inextricably interrelated to those involved in the antitrust allegations asserted in Equipment Services I. We disagree.

Our analysis of the pleadings in Equipment Services II along with the papers submitted by the parties persuades us that it is a simple contract action capable of prompt resolution, which should not be entangled with the complex antitrust matters previously transferred. Thus, the just and efficient conduct of both the litigation in the transferee district as well as Equipment Services II can best be achieved by leaving this action in Alaska, notwithstanding our recognition that the similarity of parties between the two Equipment Services' actions gives rise to at least some common factual nexus.

It is therefore ordered that defendants' motion to transfer Equipment Services, Ltd. v. Mack Trucks, Inc., D. Alaska, Civil Action No. A-75-81, be, and the same hereby is, denied.

---

[3] This action, entitled Equipment Services, Ltd. v. Mack Trucks, et al., D.Alaska, Civil Action No. A-76-73, was one of the actions previously transferred by the Panel to the Western District of Washington for Section 1407 treatment. It is hereinafter referred to as Equipment Services I.

[4] This action, hereinafter referred to as Equipment Services II, is the subject of defendants' motion to transfer.